USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-7-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ERNEST DEMEL,

                              Plaintiff,                        09 Civ. 5524 (PKC)

                -against-

                                                              MEMORANDUM
                                                              AND ORDER

AMERICAN AIRLINES, INC., AMERICAN
AIRLINES BAGGAGE SERVICE,

                              Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Defendants American Airlines, Inc. and American Airlines Baggage Service move for reconsideration of this Court's Memorandum and Order of February 10, 2011 denying defendants' motion for summary judgment. See Demel v. Am. Airlines, Inc., 09 Civ. 5524 (PKC), 2011 WL 497930 (S.D.N.Y. Feb. 10, 2011). Familiarity with the Memorandum and Order is assumed. For the reasons set forth below, the motion is denied.

        Local Civil Rule 6.3, elaborating on Rule 59(e), Fed. R. Civ. P., allows a party to move for reconsideration as to "matters or controlling decisions which counsel believes the court has overlooked." U.S. Dist. Ct. Rules S. & E.D.N.Y., Civ. R. 6.3; see Truong v. Charles Schwab & Co., Inc., 07 Civ. 8085 (SHS), 2009 WL 464452, *1 (S.D.N.Y. Feb. 24, 2009) (internal quotation marks omitted) (citation omitted). The standards for granting a motion to reconsider are strict: "[r]econsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Cordero v. Astrue, 574 F.Supp.2d 373, 380 (S.D.N.Y. 2008) (internal quotation marks omitted) (citation omitted). Generally, motions for reconsideration are denied "unless the moving party

can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court. See Colodney v. Continuum Health Partners, Inc., 03 Civ. 7276 (DLC), 2004 WL 1857568, *1 (S.D.N.Y. Aug. 18, 2004).

The defendants assert that in determining whether plaintiff received adequate notice of American Airlines' baggage liability limitation, this Court failed to afford sufficient weight to (1) the fact that the "Passenger Ticket and Baggage Check," which the plaintiff received, includes the phrase "Subject to Conditions of Contract" on the top-left corner of the front side of the document and a more verbose version of the same disclaimer on the reverse side, and (2) the fact that plaintiff purchased insurance at the American Airlines' counter for the backpack later lost by the air carrier.

Defendants' first argument fails to set forth any overlooked fact or controlling precedent that might reasonably be expected to alter this Court's decision to deny summary judgment. As discussed in this Court's Memorandum and Order of February 11, 2011, the "Passenger Ticket and Baggage Check" contains no limiting terms, but rather, merely references the existence of the Contract of Carriage and directs the passenger to a website and to the ticket jacket for the specific limiting terms and conditions. This cannot be said to constitute an effort by American Airlines to provide clear and conspicuous notice to Mr. Demel of the baggage liability limitation.

As the record stands before this Court, defendants have not shown that Mr. Demel

2

received any travel document that provides clear and conspicuous notice of the baggage liability limitation. Mr. Demel travelled on an e-ticket. The content of any notice included on such a ticket is not in the record on the summary judgment motion. Defendants did not submit an exemplar of an e-ticket in use at the time Mr. Demel travelled. Defendants did submit an exemplar of a ticket jacket in use at the time Mr. Demel travelled. The ticket jacket does set forth the baggage liability limitation, albeit with the incorrect monetary limits. Defendants, however, did not provide any evidence from which to conclude that it was the established practice of American Airlines at the time Mr. Demel travelled to provide each passenger travelling on an e-ticket with a ticket jacket.

        The defendants' second argument similarly fails to point to fact or controlling precedent that this Court overlooked in denying summary judgment. The purchase of baggage insurance is a significant surrounding circumstance to be considered in determining whether a passenger received adequate notice of the baggage liability limitation and may, in context, establish that the passenger received adequate notice. On the record before this Court at the summary judgment stage, however, the defendants did not provide sufficient context to conclude that Mr. Demel's purchase of baggage insurance conclusively establishes that he had adequate notice of the baggage liability limitation. The defendants did not provide any evidence that it is the practice, custom or usage of American Airlines to provide a passenger purchasing baggage insurance with documentation of the baggage liability limitation, to orally inform the passenger of the limiting provision, or to post the baggage liability limitation at the desk where such insurance is purchased. Moreover, it is unclear from the record before this Court the specific facts and circumstances surrounding Mr. Demel's purchase of the baggage insurance. Defendants did not take Mr. Demel's deposition to ascertain such facts. To the extent that

defendants seek to rely on the monetary limitation of liability, it is their burden to show that they did all they reasonably could to inform the passenger of the provision affecting his or her rights. See Gluckman v. Am. Airlines, Inc., 844 F.Supp. 151, 161 (S.D.N.Y. 1994).

The defendants' motion for reconsideration is DENIED (Docket # 48). The Pro Se Office is directed to place this case, and specifically, the representation of Mr. Demel, on the list eligible for *pro bono* assignment. A pre-trial conference is scheduled in this case for September 12, 2011 at 2:45 p.m.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 7, 2011

4